IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD SHELTON BOYD,** | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:18-CV-1326-L-BH** |
| **DALLAS AREA RAPID TRANSIT,** | § | |
| Defendant. | § | |

## ORDER

Before the court is Defendant Dallas Area Rapid Transit's ("Defendant" or "DART") Motion to Dismiss for Failure to State a Claim (Doc. 13), filed July 26, 2018; Plaintiff Richard Shelton Boyd's ("Plaintiff" or "Boyd") Response (Doc. 17), filed August 16, 2018; and DART's Reply (Doc. 19), filed August 30, 2018. On December 31, 2018, United States Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court deny as moot Defendant's motion to dismiss Plaintiff's race discrimination claims; deny Defendant's motion to dismiss Plaintiff's age discrimination claim based on a statute of limitations defense; and grant in part and deny in part Defendant's motion to dismiss Plaintiff's retaliation claim. On January 14, 2019, Plaintiff filed Objections to the Report (Doc. 23).

In his Objections, Plaintiff states that he objects to "Dismissal of Plaintiff's Retaliation Claim, and further does herein formally Object to and provide Notice of Appeal to Dismissal of Plaintiff's Bus Accident Claim." (Doc. 23 ¶ 9). Notwithstanding Plaintiff's failure to provide any accompanying factual or legal explanation for his objection, the objection is **overruled as moot** to the extent that the magistrate judge *declined* to dismiss Plaintiff's retaliation claim. The

magistrate judge, in denying in part and granting in part Defendant's motion to dismiss, made findings about which alleged incidents in Plaintiff's pleadings constitute adverse employment actions sufficient to support a retaliation claim. The magistrate judge determined that Plaintiff sufficiently alleged a plausible claim of retaliation based on the March 21, 2018 incident, which allegedly precipitated an adverse accusation being entered into his employment record and an instruction by the DART Head of Dispatch that Plaintiff not call dispatch for any reason. (Doc. 20 at 15-16). The magistrate judge determined that these consequences of the March 21, 2018 incident constituted adverse employment actions because the events could dissuade a reasonable employee from filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (Doc. 20 at 16). The magistrate judge concluded that these adverse consequences were causally related to Plaintiff's filing of his EEOC complaint based on a temporal relationship between the two events. (Doc. 20 at 17). A few weeks prior to the March 21, 2018 incident, Plaintiff, on March 2, 2018, filed his second charge of discrimination with the EEOC, claiming that he had been harassed with a false accident charge and hearing in retaliation for filing an EEOC charge in September 2017. (Doc. 2 at 9). Although the record did not clearly indicate the specific dates on which DART entered accusations into Plaintiff's employment record and instructed him not to call dispatch, the magistrate judge concluded Plaintiff had pleaded sufficient facts to survive the motion to dismiss, as a plaintiff is not required to establish a *prima facie* case of retaliation at the pleading stage. (Doc. 20 at 11, 18) (citing *Jenkins v. State Workforce Comm'n*, 713 F. App'x 242, 245 (5th Cir. 2017) (citation omitted)). In light of the less-stringent standard applied to *pro se* complaints, the court agrees with the magistrate judge that Plaintiff has sufficiently pleaded a retaliation claim based on factual allegations that, in retaliation for filing an EEOC complaint on March 2, 2018, DART entered false accusations into his employment record regarding the March

21st incident and prohibited him from contacting dispatch, which interfered with his ability to perform his job.

To the extent Plaintiff objects to the partial granting of Defendant's motion to dismiss,* the court **overrules** the objection as meritless, as Plaintiff failed to offer any argument in support. The magistrate judge granted in part Defendant's motion to dismiss the retaliation claim in so far as the claim alleged that Plaintiff suffered an adverse employment action when DART investigated Plaintiff's bus accident that occurred on October 21, 2017. The magistrate judge determined that DART's investigation into the October 21, 2017 bus accident, and the investigation's conclusion that the accident was preventable, did not constitute an adverse employment action because Plaintiff did not allege he suffered any consequences following the outcome of that investigation. (Doc. 20 14). The magistrate judge explained that "[a] record of infraction or 'written reprimand, without evidence of consequences, does not constitute an adverse employment action.'" (Doc. 20 at 14) (citing *Thibodeaux-Woody v. Houston Cmty. Coll.*, 593 F. App'x 280, 286 (5th Cir. 2014) (citation omitted)). In his Objections, Plaintiff does not properly address the magistrate judge's findings by alleging facts that he suffered adverse consequences as a result of the bus accident investigation. As the court agrees with the Report's conclusion and Plaintiff has failed to adequately address it, the objection is overruled.

The court also notes, *sua sponte*, that the August 28, 2017 incident is not a sufficient basis for Plaintiff's retaliation claim, even though the Report does not explicitly address it. In his Addendum to Complaint, Plaintiff alleges that, on or around January 2017, he filed a complaint against Manager Anthony Ragins ("Ragins") with Ragins's direct manager. (Doc. 11 at 2). Plaintiff's complaint related to Ragins's accusations that he was "living" in the "quiet room,"

---

* The court construes Plaintiff's objection to the dismissal of the "Bus Accident Claim" as an objection to the magistrate judge's partial dismissal of his retaliation claim based on allegations relating to the bus accident.

**Order – Page 3**

which is a designated space for DART drivers to rest in between shifts. (Doc. 11 at 2). Plaintiff was subsequently advised he was no longer allowed in the "quiet room." (Doc. 11 at 2). He alleges that he "requires rest due to his age, and all other employees are allowed to use the quiet room for rest." (Doc. 11 at 2). Plaintiff alleges that this incident is "part of his record and reviewed for raises and career advancement." (Doc. 11 at 3).

This incident does not constitute impermissible retaliation because Plaintiff's complaint regarding Ragins's statements is not considered protected activity under the ADEA. To state a prima facie retaliation claim under the Age Discrimination in Employment Act of 1967 (ADEA), a plaintiff must show "(1) that he engaged in a protected activity, (2) that there was an adverse employment action, and (3) that a causal link existed between the protected activity and the adverse employment action." *Heggemier v. Caldwell County, Texas*, 826 F.3d 861, 869 (5th Cir. 2016) (citation omitted). With regard to the first element, a plaintiff has engaged in protected activity if he has "opposed any practice" forbidden by the ADEA. *Id*. (citing 29 U.S.C. § 623(d)). "Critically, the plaintiff need not establish that the practice opposed was actually unlawful, but only that he had a reasonable belief that the employer was engaged in unlawful employment practices." *Id*. (quotation marks and citation omitted). Plaintiff has not alleged that, in making the complaint against Ragins, he informed DART management that he felt Ragins's accusations about his "living" in the "quiet room" related to Plaintiff's age. He has also not alleged that he told DART management that his being barred from using the "quiet room" was an act of age discrimination. Plaintiff's complaint against Ragins gave the employer no notice that he was speaking up in opposition to practices he perceived to be discriminatory and, thus, did not constitute protected activity for purposes of establishing an ADEA claim. *Gonzales v. Wells Fargo Bank, Nat'l Assoc.*, 733 F. App'x 795, 798 (5th Cir. 2018) ("These complaints are not protected activities because they

did not reference discrimination or any other unlawful employment activity.") (quotation marks and citation omitted). The magistrate judge, accordingly, correctly did not construe this incident as a proper basis for Plaintiff's retaliation claim.

Having reviewed the record in this case, Report, and applicable law, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them, **as supplemented by this opinion**, as those of the court. Accordingly, the court **denies as moot** Defendant's Motion to Dismiss Plaintiff's race discrimination claims; **denies** Defendant's Motion to Dismiss Plaintiff's age discrimination claim; and **grants in part and denies in part** Defendant's Motion to Dismiss Plaintiff's retaliation claim (Doc. 13). The claims that remain for trial are Plaintiff's age discrimination and retaliation claims under the ADEA, to the extent that the retaliation claim is based on adverse consequences resulting from the March 21, 2018 incident.

**It is so ordered** this 29th day of January, 2019.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge