IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD SHELTON BOYD | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:18-CV-1326-L |
| | ) | |
| DALLAS AREA RAPID TRANSIT | ) | |
| | ) | |
|     Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

Before the Court is *Defendant's Motion to Dismiss*, filed March 18, 2020 (doc. 92). Based on the relevant filings and applicable law, the motion should be **GRANTED**, and the case should be dismissed.

**I. BACKGROUND**

On May 24, 2018, Richard Boyd (Plaintiff) sued his former employer, Dallas Area Rapid Transit (Defendant) for alleged discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act of 1967 (ADEA). (docs. 2, 11.)[2] Defendant moved to dismiss the complaint on July 26, 2018. (doc. 13.) After it was recommended that the motion to dismiss the complaint be denied in part and granted in part, and Defendant filed its answer on January 14, 2019. (docs. 20, 31.) An initial scheduling order was issued on February 6, 2019, which set a discovery deadline of October 4, 2019. (*See* doc. 34.) An amended scheduling order issued on July 22, 2019, set a discovery deadline of November 12, 2019.

---

[1] By *Standing Order of Reference* filed May 29, 2018, this *pro se* case was referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(*See* doc. 55.)

On October 1, 2019, Defendant noticed Plaintiff's oral deposition for October 9, 2019. (doc. 94 at 3-4.)  In response, on October 7, 2019, Plaintiff moved to "deny" Defendant a deposition on grounds that he had not received discovery, there was nothing on which to depose him because of the amount of detail in his complaint, and an oral deposition would be a "fishing expedition." (doc. 58 at 2-3.)  He also objected to being deposed on Defendant's property because he feared for his safety and asked that any deposition be conducted at the courthouse.  (*Id.* at 2, 4.) By order dated October 9, 2019, an oral argument concerning the motion was scheduled for October 31, 2019. (doc 59.) The order expressly ordered the parties to confirm their attendance two days prior to the argument and warned of sanctions for failure to confirm or attend without permission. (*See id.*) Plaintiff did not confirm his attendance prior to the hearing and failed to attend the argument without notice. (docs. 63, 65.)  By order dated October 31, 2019, his motion was denied, and he was ordered to appear at the courthouse for a deposition on November 6, 2019. (doc. 65.)

On November 5, 2019, one day prior to his ordered deposition, Plaintiff filed an emergency motion to continue the deposition, alleging that he had been transported to the hospital that day and had been medicated. (doc. 66.)  His motion was granted, and he was ordered to confer with Defendant's counsel regarding his availability for deposition between November 20 and December 11, 2019. (doc. 67.)  The discovery deadline was also extended to allow the plaintiff's deposition to be taken.  (*See id.*)  Based on the parties' agreement, Plaintiff was ordered to appear at the courthouse for deposition on December 11, 2019. (*See* doc. 70.)  Defendant also noticed Plaintiff's deposition for that date.  (*See* doc. 94 at 8.)  One day prior to his scheduled deposition, Plaintiff emailed Defendant and stated, without explanation, that he could not attend the deposition. (*See id.*

2

at 22.) He did not appear for his deposition as ordered. (*See id.* at 9-12.) As a result, Defendant moved for an extension of the discovery and pretrial deadlines, which was granted on January 12, 2020. (docs. 71, 75.)

Defendant then noticed Plaintiff for a deposition on January 23, 2020. (doc. 94 at 13.) On January 22, 2020, Plaintiff filed an emergency motion to deny Defendant an oral deposition and reasserted the same arguments he made in his initial motion to deny the deposition. (doc. 77.) The motion was denied on February 6, 2020, and he was ordered to appear for his deposition at the courthouse on February 13, 2020. (doc. 81.) Defendant filed a second motion to extend the pretrial deadlines on February 10, 2020, and it was granted in part on February 11, 2020. (*See* docs. 82, 83.)

On February 12, 2020, Plaintiff filed a "motion to recall specific evidence," in which he appeared to complain about Defendant's failure to provide him evidence and to again object to appearing for deposition. (doc. 84.) He also filed a notice of appeal of the order requiring him to appear for deposition on February 13, 2020, which he expressly directed to "The Court of Appeals" rather than to the district judge. (doc. 85 at 4.)[3] Plaintiff failed to appear for his ordered deposition on February 13, 2020. (doc. 94 at 17-20.) By Order dated February 13, 2020, the Court scheduled an oral argument on Plaintiff's motion to recall specific evidence for February 27, 2020. (doc. 86.) The order required the parties to confirm their attendance in advance and gave notice of potential sanctions for not confirming or attending without the Court's permission. *Id*. Plaintiff did not confirm his appearance, appear for oral argument, or provide notice that he would not appear, and his motion was denied. (docs. 88, 89.)

On March 18, 2020, Defendant moved to dismiss this action under Fed. R. Civ. P. 41(b) for

---

[3]The United States Court of Appeals for the Fifth Circuit dismissed Plaintiff's appeal for lack of jurisdiction on February 21, 2020. (doc. 87.)

3

failure to comply with court orders to attend oral argument and appear for deposition and failure to prosecute. (docs. 92, 93.) It subsequently filed a third motion for extension of the pretrial deadlines. (*See* doc. 96.) Plaintiff filed his response to the motion on April 8, 2020, asking that the case not be dismissed, and that it be stayed for six months. (doc. 99.) Defendant subsequently filed two additional motions for an extension of pretrial deadlines. (*See* docs. 101, 104.) Plaintiff did not respond, and he has filed nothing in this case since his response to the motion to dismiss.

## II. INVOLUNTARY DISMISSAL

Defendant moves to dismiss this action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with court orders and to prosecute, and under Rule 37 for failure to cooperate in discovery. (*See* doc. 93.)

**A.    Rule 41(b)**

Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

"A dismissal with prejudice 'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim.'" *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992), (quoting *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985)). It is well-established that in the Fifth Circuit, dismissals with prejudice under Rule 41(b) are affirmed "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff,

4

and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id*. Additionally, courts have usually found "at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*. (citations omitted); *see also Sealed Appellant v. Sealed Appellee*, 452 F.3d 415 (5th Cir. 2006).

This case presents a clear record of delay and contumacious conduct. Plaintiff has refused and failed to comply with multiple court orders to confirm his attendance and to appear for scheduled oral arguments on discovery motions without notice or explanation despite warning that failure to do so could result in the imposition of sanctions. (*See* docs. 59, 63, 65, 86, 88, 89.) He has also failed to comply with orders to appear for deposition at the courthouse. (docs. 65, 70, 81.) Although he sought and received a continuance of the November 6, 2019 deposition based on his hospitalization, he failed to file any motion prior to his failure to appear for the December 11, 2019 deposition. He simply emailed Defendant and stated he could not make the "appointment" without explanation, despite having previously agreed to that date, and despite being ordered to appear based on that agreement. (docs. 70; 94 at 22.) He filed an emergency motion seeking to stop his January 23, 2020 deposition based on the same arguments that had previously been rejected, and he failed to appear for his February 13, 2020 deposition as ordered after filing a notice of appeal of a discovery order with the Fifth Circuit Court of Appeals instead of the district court. His repeated failure to comply with court orders and continued efforts to avoid deposition on arguments that had previously been rejected represents contumacious conduct. *See McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir.1988); *see also Ramsay v. Bailey*, 531 F.2d 706 (5th Cir.1976).

Further, "lesser sanctions would not serve the best interests of justice." *Rogers v. Kroger*, 669 F.2d 317, 320 (5th Cir. 1982) (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)). The orders for Plaintiff to appear at the scheduled oral arguments and to confirm his attendance explicitly warned that sanctions could be imposed on a party that failed to comply with the order. (*See* docs. 59, 86.) The warnings had no effect, and Plaintiff failed to comply with both orders. *Id*. There is no basis for a finding that additional warnings or orders to pay attorneys' fees or a fine would likely be effective in prompting their participation in this lawsuit. Because Plaintiff has provided no discovery, exclusion of evidence or witnesses not disclosed, as suggested in *Farmer v. Louisiana Electronic and Financial Crimes Task Force*, 553 F. App'x 386, 389 (5th Cir. 2014), would likely also not be effective. Given Plaintiff's complete failure to properly participate in this lawsuit to date, a conditional dismissal such as that suggested in *McNeal*, 842 F.2d at 793, would not appear to prompt action. Moreover, the fourteen-day period for objection to the recommendation of dismissal will afford the same opportunity to avoid dismissal as a conditional dismissal. Accordingly, lesser sanctions would be futile. *See McMillan v. Colvin*, No. 3:12-CV-4729, 2013 WL 5637378, at *2 (N.D. Tex. Oct. 15, 2013) (finding lesser sanctions would be futile and a dismissal with prejudice was warranted where the plaintiff failed to respond to the court's orders despite a warning that failure to respond may result in dismissal of her case, and where she had not taken any action in the case in the past thirteen months).

Finally, at least two of the aggravating factors can be found in this case. The delay has been caused by Plaintiff. He is proceeding *pro se*, and therefore his conduct cannot be attributed to anyone else. *See Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 334 (5th Cir. June 14, 2013) (noting that given her pro se status, the plaintiff's conduct was attributable to no one but

6

herself); *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir.2013) (same); *see also Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (same). In response to Defendant's motion to dismiss, Plaintiff asserts that his failure of compliance was the result of "emergency circumstances" on every occasion. (doc. 99.) He only identified emergency circumstances on one occasion, however, and he was granted a continuance. (doc. 67.) This does not account for the other court orders that he has disobeyed without providing notice. As for prejudice, Defendant has shown that Plaintiff's continued failure to appear for deposition hampers its ability to defend this case. *See Paskauskiene*, 527 F. App'x at 334 (finding that the defendant faced substantial prejudice in defending itself in the litigation without the ability to take the plaintiff's deposition). Plaintiff's refusal to appear for deposition or to communicate with Defendant in order to comply with the scheduling order has hampered its ability to defend the case. It has been forced to seek the extensions of the discovery and pretrial deadlines on five occasions. (*See* docs. 71, 82, 96, 101, 104.) Although Plaintiff requested a six-month stay of the case in his response to the motion to dismiss, his delay and contumacious conduct all occurred prior to his request for a stay.

Plaintiff has chosen not to cooperate in discovery or in this lawsuit. Dismissal with prejudice under Rule 41(b) is therefore appropriate. *See Oviedo v. Lowe's Home Improvement*, Inc., 184 F. App'x 411, 412–13 (5th Cir. June 7, 2006) (affirming dismissal of an employment lawsuit with prejudice because the plaintiff had been uncooperative with the discovery process for about five months and then had completely disappeared after having skillfully prosecuted her case pro se up to that point); *Morgan v. Grande Commc'n Network*, LLC, 3:12–CV–5197–N, 2014 WL 3706620, at *2 (N.D.Tex. July 25, 2014) (dismissing a case with prejudice where the plaintiff failed to respond to a court order to appear at a hearing, filed nothing for more than one year, and ignored a warning

that sanctions could be imposed).

**B.    Rule 37(b)**

Rule 37(b)(2)(A)(v) provides that if a party fails to obey an order to provide discovery, the court may dismiss the action or proceeding in whole or in part. While Rule 37 allows for dismissal as a discovery sanction, "[l]itigation-ending sanctions are, by their very nature, the last resort." *Fuqua v. Horizon/CMS Healthcare Corp.*, 199 F.R.D. 200, 204 (N.D. Tex. 2000) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir.1994)). "Nevertheless, in certain circumstances, they are justified 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Id.* (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)). The Fifth Circuit has articulated several factors that must be present before dismissal as a discovery sanction is justified, including that (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; (2) the violation is "attributable to the client instead of the attorney"; (3) the violation "substantially prejudice[s] the opposing party"; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect." *FDIC*, 20 F.3d at 1380–81.

As already found, this case presents a willful refusal to comply, and a clear record of delay and contumacious conduct. As noted above, Plaintiff has failed to appear for his deposition despite being ordered to do so three times. (docs. 65, 70, 81). He has also disregarded orders to confirm his appearance for and attend both of the scheduled oral arguments on his motions to stop the deposition. (docs. 63, 65, 88, 89). He has presented no evidence to show that his failure to comply with the orders and to cooperate with discovery is a result of a misunderstanding or an inability to

8

comply rather than willfulness. *See Yazdchi v. American Honda Finance Corp.*, 217 F. App'x 299, 302 (5th Cir.2007); *Rickman v. Akash Hotels, Internationals*, No. 3:08–CV–1777, 2010 WL 3783980, at *3 (N.D.Tex. Aug. 30, 2010), *rec. adopted*, 2010 WL 3783962 (N.D.Tex. Sept.27, 2010). As outlined above, Plaintiff's conduct in this case is attributable only to him and has substantially prejudiced Defendant. Based on his continued blatant disregard of court orders and failure to show that he intends to comply with the orders, a lesser sanction than dismissal with prejudice would not substantially achieve the necessary deterrent effect.

Because Plaintiff has chosen not to cooperate in discovery, dismissal with prejudice on this basis is therefore also appropriate. *See Oviedo*, 184 F. App'x 411, 412–13 (5th Cir. June 7, 2006) (affirming dismissal with prejudice because the plaintiff had been uncooperative with the discovery process for about five months and then had completely disappeared after having skillfully prosecuted her case pro se up to that point); *Wright v. Robinson*, 113 F. App'x 12, 15–16 (5th Cir. 2004) (upholding a dismissal with prejudice where a plaintiff failed to cooperate in the discovery process, ignored the court's discovery order, and ignored its warning regarding the discovery order).

### III. RECOMMENDATION

Any request for a stay of this case should be **DENIED**, and this case should be **DISMISSED** with prejudice under Fed.R.Civ.P. 41(b) for failure to prosecute, and alternatively, under Fed.R.Civ.P. 37(b)(2)(A)(v) for failure to comply with discovery.

**SO RECOMMENDED** on this 28th day of December, 2020.

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)**.**

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

10